JOSEPH SUTHERLAND AND GEORGE WALSH, APPEL-
LANTS, *v.* THOMAS MORRIS, RESPONDENT.

*Contract — condition that all extra work shall be agreed upon in writing — unless this condition be compiled with evidence of the performance of extra work will not be received.*

In this action, brought by the plaintiffs to recover for work, labor and materials furnished for the masonry work of a house owned by the defendant, it appeared that a contract in writing had been entered into by the parties which contained the following provision *"* The contractor will take notice that there will be no extra work done unless agreed upon by the superintendent, the price put in writing and signed." Upon the trial it appeared the action was brought to recover for work, labor and materials furnished outside of those specified in the contract,

*Held,* that in the absence of any evidence showing a compliance with this condition of the contract, the court properly excluded evidence offered by the plaintiff to prove the furnishing of the materials and labor.

APPEAL from a judgment of the City Court of Yonkers in favor of the defendant and from an order of the said court denying a motion for a new trial.

*Ralph E. Prime* and *Arthur J. Burns,* for the appellants.

*Joseph F. Daly,* for the respondent.

DYKMAN, J.:

The plaintiffs in this action made an agreement with the defendant to furnish materials and labor for the masonry work of a new

house. The contract was in writing, and by it the plaintiffs under-took to perform their work agreeably to the drawings and specifica-tions which are referred to as signed by the parties and annexed thereto.

The specifications were not, however, signed by the parties so far as we can learn from the record before us, but, in legal effect, they were incorporated in the contract. They contained this important provision in words : " The contractor will take notice that there will be no extra work done unless agreed upon by the superintend-ent, the price put in writing and signed."

This action was commenced to recover for work, labor and materials extra, and outside of the written contract and specifica-tions, and the effort of the plaintiffs upon the trial was to introduce proof of the labor and materials furnished beyond the requirements of the contract, without a compliance with the condition precedent which required the procurement of the agreement of the superin-tendent and the reduction of the price to a subscribed writing before any extra work could be performed upon the building.

The exclusion of the testimony of the plaintiffs proceeded upon the failure to comply with the condition, and they must all be sus-tained. The condition was introduced to prevent the very thing which the plaintiffs now attempt. The contractors had before them a specific delineation of the work they were required to perform, and they were never requested to do anything more than to complete what they undertook in conformity with their contract.

The recovery seems to fairly include all the legal liabilities of the defendant to the plaintiffs, and the judgment should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.